# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ROVIA, LLC | § | |
| | § | |
| *Plaintiff,* | § | Civil Action No.  4:20-CV-00633 |
| | § | Judge Mazzant |
| v. | § | |
| | § | |
| VIVA VOYAGE, LLC, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Viva Voyage, LLC's ("Viva Voyage") Motion to Dismiss Plaintiff's Amended Complaint (Dkt. #32).  Having considered the motion and the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

Rovia, LLC ("Rovia") filed its initial complaint in this case on August 19, 2020, requesting a temporary restraining order and preliminary injunction against Viva Voyage (Dkt. #1). The Court scheduled a hearing on September 11, 2020, and before the hearing on September 9, Viva Voyage filed a motion to transfer (Dkt. #14). The motion to transfer alleged this suit was the second filed lawsuit with the same parties (Dkt. #14). The first suit, as Viva Voyage alleges, was filed by Viva Voyage in the United States District Court for the Southern District of Florida Case Number 9:20-cv-80838-AHS ("Florida case"). Three months after Viva Voyage filed the Florida case against Rovia and other defendants, Rovia filed suit in this Court.

On September 11, 2020, Viva Voyage filed a Motion to Dismiss for Lack of Jurisdiction (Dkt. #21), and a week later Rovia filed an Amended Complaint (Dkt. #22) as well as an amended Motion for Temporary Restraining Order (Dkt. #23). On September 18, 2020, Rovia amended its

complaint (Dkt. #22) and filed an Amended Temporary Restraining Order (Dkt. #23). Following

the Amended Complaint, Viva Voyage filed its second Motion to Dismiss (Dkt. #32), and Rovia

filed its Response on October 15, 2020 (Dkt. #39). On October 30, 2020, the Court held a hearing

on the Emergency Temporary Restraining Order where the parties reached an agreement to deposit

funds into the Court's registry. On November 2, 2020, the Court entered an order consolidating

the Florida case with this case (Dkt. #54), and then the Court entered an order reflecting the

agreement on November 3, 2020 (Dkt. #55).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject

matter jurisdiction when the district court lacks statutory and constitutional power to adjudicate

the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.

1998). If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court will

consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal

merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In deciding the motion, the Court may consider "(1) the complaint alone; (2) the complaint

supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented

by undisputed facts plus the [C]ourt's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d

548, 557 (5th Cir. 2008) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir.

1996)). The Court will accept as true all well-pleaded allegations set forth in the complaint and

construe those allegations in the light most favorable to the plaintiff. *Truman v. United States*, 26

F.3d 592, 594 (5th Cir. 1994). Once a defendant files a motion to dismiss under Rule 12(b)(1) and

challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject matter

jurisdiction. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). The

Court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the claimant cannot prove a plausible set of facts to support a claim that would entitle it to relief. *Lane*, 529 F.3d at 557.

## ANALYSIS

28 U.S.C. § 1332 provides that the federal district courts have subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).

Subject matter jurisdiction exists under § 1332 only when there is complete diversity between every plaintiff and every defendant, which is determined by looking at the parties' citizenship. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). The party invoking jurisdiction under § 1332 is responsible for showing that the parties are completely diverse. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Failure to allege each party's citizenship requires dismissal. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

Moreover, each plaintiff must individually meet the statutory amount-in-controversy; when multiple plaintiffs' claims are joined together in the same lawsuit, one plaintiff cannot "ride in on another's coattails." *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 301 (1973). Each plaintiff invoking jurisdiction under § 1332 must separately allege damages that exceed $75,000. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995). A limited exception to this general rule exists when "two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest." *R & H Oil*, 63 F.3d at 1330 (quoting *Snyder v. Harris*, 394 U.S. 332, 335 (1969)). In this situation, the plaintiffs may aggregate their clams to meet the jurisdictional amount, but they may do so only after demonstrating to the court that their claims of right are

3

integrated, meaning the claims arise from the same legal source.  *Id.* Amount-in-controversy is not disputed in this case, so the Court only addresses the diversity of the parties.

"[T]he citizenship of a [sic] LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Viva Voyage is a citizen of Florida. Its members are Geoffrey Silvers, Scott Silvers, and Walter Silvers—all Florida domiciliaries. Rovia is a wholly owned subsidiary of WorldVentures Holdings, LLC, having two Common Members and a voluminous number of Series A-1 Preferred Members and Series A-2 Preferred Members. In Rovia's Amended Complaint, it asserts that its members are from California, Colorado, Kansas, Minnesota, Ohio, Oklahoma, Tennessee, Texas, Cyprus, Hong Kong, and Singapore (Dkt. #22 at ¶ 29). Rovia further asserts that none of its members are citizens of Florida (Dkt. #22 at ¶ 29).

Viva Voyage argues that Rovia failed to name each member of WorldVentures Holdings, LLC, and thus has fallen short of the pleading requirements to invoke the Court's jurisdiction. The Court disagrees. Viva Voyage cites an unpublished Middle District of Louisiana case, which is a Report and Recommendation from 2012, to support its stance that Rovia did not meet its pleading standard (Dkt. #34 at p. 4).[1] Rovia has, however, satisfied its pleading requirement by listing the citizenship of each of its members.

The Court also finds it curious that  nowhere in Viva Voyage's Motion does the movant address the parallel suit from Florida that was transferred here and consolidated into this case, in which Viva Voyage—the plaintiff in the Florida case—filed its complaint against Rovia under § 1332 diversity jurisdiction. Despite Viva Voyage's seemingly inconsistent positions on whether

---

[1] Viva Voyage included *Toney v. Knauf Gips KG* in a string cite supporting its position that Rovia had not met its pleading requirement when it did not specifically name each member. *Toney v. Knauf Gips,* CIV.A. 12-638-JJB, 2012 WL 5923960, at *1 (M.D. La. Oct. 25, 2012), *report and recommendation adopted*, CIV.A. 12-638-JJB, 2012 WL 5904320 (M.D. La. Nov. 26, 2012).

4

diversity jurisdiction exists, the Court finds that Rovia has sufficiently pleaded and established the Court has jurisdiction.

## CONCLUSION

It is therefore **ORDERED** Viva Voyage's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. #32) is hereby **DENIED.**

It is further **ORDERED** that Viva Voyage's first Motion to Dismiss (Dkt. #21) is **DENIED as moot.**

**SIGNED this 16th day of December, 2020.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE